# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ANDERSON/GREENWOOD DIVISION

Martin Richardson, # 40898-424,     )
                                        )
                 Petitioner,     )       C.A. No.: 8:17-cv-747-PMD-JDA
                                          )
               v.               )       **ORDER**
                                          )
A. Mosley, Warden,           )
                                          )
               Respondent.     )
                                          )

This matter is before the Court on Petitioner Martin Richardson's motion to reconsider the Court's June 16, 2017 order denying his 28 U.S.C. § 2241 petition (ECF Nos. 26 & 22). For the following reasons, the Court denies the motion.

## BACKGROUND AND PROCEDURAL HISTORY

In this § 2241 proceeding, Richardson seeks relief from a prison sentence that a federal court in Wisconsin imposed upon him. He contends his sentence was improper because it is based on the sentencing court's allegedly erroneous determination that he was a career offender under the United States Sentencing Guidelines.

Richardson filed his *pro se* § 2241 petition in March 2017. In accordance with Local Civil Rule 73.02(B)(2)(c), the petition was referred to a magistrate judge for initial review. On April 6, United States Magistrate Judge Jacquelyn D. Austin issued a report and recommendation ("R & R"), in which she concluded Richardson's petition should be summarily dismissed, without prejudice, because his claim is not cognizable under § 2241 and the "savings clause" in 28 U.S.C. § 2255(e) does not allow him to bring his claim under § 2241. (ECF No. 11.)

Richardson's original deadline to file objections to the R & R was April 23. At Richardson's request, the Court extended the deadline to May 24. He then asked for a second

thirty-day extension. The Court granted a twenty-day extension, making the deadline June 13. That date passed without Richardson filing any objections. Hearing nothing from Richardson, and seeing no clear error in the R & R, the Court issued an order on June 16 adopting the R & R and ordering that Richardson's § 2241 petition be dismissed without prejudice. The Court issued a judgment that same day.

Three days later, Richardson completed and filed his objections to the R & R.[1] Then, on June 21, Richardson sent the Clerk of Court a letter stating that he had received the Court's June 16 order and that he had believed his objections were not due until June 23. He therefore asked that his objections be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

## LEGAL STANDARD

The Court will not analyze Richardson's untimely objections as true objections to the R & R. It has no obligation to do so. *See Darby v. South Carolina*, 355 F. App'x 751, 751 (4th Cir. 2009) (per curiam). Indeed, Richardson has not asked the Court to consider them as such.

Instead, the Court will accommodate Richardson's request to construe his untimely objections as a Rule 59(e) motion. Reconsideration of a judgment is an extraordinary remedy that should be used sparingly. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A motion to alter or amend a judgment may be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *Id.*

---

1.    Richardson asserts he filed his objections June 16. However, the certificate of service on the objections is dated June 19, and so is the postmark on the envelope containing Richardson's objections. In any event, filing the objections on June 16 still would have been too late.

## DISCUSSION

Richardson has not pointed to any changes in controlling law and he has not pointed to any newly available evidence. He spends the first half of his motion arguing the merits of his claim. Rearguing the merits is not an appropriate use of Rule 59(e), especially where the Court disposed of the case on grounds independent of the merits. *See Register v. Cameron & Barkley Co.*, 481 F. Supp. 2d 479, 481 n.2 (D.S.C. 2007).

Richardson spends the second half of his motion contending that not applying the savings clause here amounts to an unconstitutional suspension of the writ of habeas corpus. That argument comes too late. In his § 2241 petition, Richardson argued at length why the savings clause applied and, therefore, why he should be able to present his claim under § 2241. However, he did not include his constitutional contention in that argument. He may not do so now. *See Register* 481 F. Supp. 2d at 481 n.2 ("Rule 59(e) motions may not be used to raise arguments which could have been raised prior to the issuance of the judgment."). In any event, Richardson's argument does not reveal any clear error of law in the Court's prior order or any manifest injustice it has caused.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Richardson's motion to reconsider is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**July 12, 2017**
**Charleston, South Carolina**